CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 09 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVE ALLEN SHELTON, )<br>   Petitioner, ) | Civil Action No. 7:06CV00549 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE JOHNSON, DIRECTOR )<br>VA DEPARTMENT OF )<br>CORRECTIONS, )<br>   Respondent. ) | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner, Steve Allen Shelton, a Virginia Department of Corrections inmate proceeding by counsel, brings this action for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Shelton asserts that the state habeas proceedings do not deserve any deference because the summary dismissal in state court was unfounded, premature, and erroneous; placed a burden on Shelton that does not exist; and made an unreasonable determination of facts and application of law. Shelton also claims that he is entitled to a new trial or an evidentiary hearing to develop his claims and prove his case. Respondent filed a motion to dismiss to which Shelton filed a timely response, making the matter ripe for the court's consideration. Upon careful review of the extensive state court records and the pleadings and exhibits submitted by the parties, the court concludes that the motion to dismiss must be granted.

## I. Procedural History

On October 22, 2002, a jury in the Circuit Court of Tazewell County convicted Shelton of four felony counts and three misdemeanor counts, specifically conspiracy to sell oxycodone, two counts of distribution of oxycodone, possession of oxycodone with intent to distribute,

1

possession of hydrocodone with intent to distribute, possession of valium, and possession of alprozolam, each in violation of Va. Code Ann. § 18.2-248 (2002). The Commonwealth's evidence at trial was that a confidential informant, working with the Tazewell County Narcotics Task Force, and an undercover officer purchased the drugs from Shelton on two occasions. A warrant was then obtained and a search of Shelton's residence and vehicle revealed various drugs, money (including marked currency used in the controlled drug buy), and other merchandise. On February 7, 2003, in accordance with the jury's recommendation, the trial court sentenced Shelton to twenty (20) years for each felony and twelve (12) months for each misdemeanor for a total of eighty-three (83) years incarceration.

Shelton appealed his convictions to the Court of Appeals of Virginia on June 18, 2003. A single judge of that court denied Shelton's petition by order dated November 3, 2003. On December 1, 2003, Shelton demanded review by a three-judge panel of the same court. The panel also denied Shelton's petition for appeal by order dated May 10, 2004. Shelton appealed this decision to the Supreme Court of Virginia, which refused his petition to appeal on October 1, 2004. On October 3, 2005, Shelton timely filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, in which he asserted the following claims for relief:

> A. [P]etitioner was denied his rights to due process and a fair and impartial jury when Juror A. Davis, was bias[ed] against Petitioner and/or had predetermined Petitioner's guilt based on the combination of such bias, and Juror Davis was not forthcoming about her predetermined opinion and bias during jury selection . . . ; [and]
> B. [P]etitioner was denied his right to effective assistance of counsel when counsel failed to advise Petitioner that the jury was required by law to impose, at the very least, twenty years in prison after a finding of guilty on all charges.

Pet'r State Writ Habeas Corpus p. 4, 12.

2

By final order of March 28, 2006, the Supreme Court of Virginia dismissed the petition. The Supreme Court denied Shelton's petition for rehearing by order of June 16, 2006. On September 12, 2006, Shelton filed the present § 2254 petition for writ of habeas corpus and an evidentiary hearing, based on the same two claims raised in his petition for writ of habeas corpus in the Supreme Court of Virginia.

## II. Standard of Review

Respondent admits that Shelton properly exhausted his state court remedies. Therefore, this court may address these claims under the standards set forth in 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). Section § 2254(d) as amended by the AEDPA reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Applying the interpretation of this standard of review set forth by the Supreme Court of the United States in Williams v. Taylor, 529 U.S. 362, 413 (2000), a state court adjudication is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." See also Lovitt v True, 403 F.3d 171 (4th Cir. 2005), cert denied, 126 S. Ct. 400 (2005); Bell v. Jarvis,

3

236 F.3d 149, 157 (4th Cir. 2000) (en banc).

A state court decision unreasonably applies clearly established federal law if the state court, despite correctly identifying the governing legal principle, "unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. The Williams court stressed that Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Id. at 411. Thus, under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court's decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable. Id.; Booth-El v. Nuth, 288 F.3d 571, 576 (4th Cir. 2002); see also McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997) (holding that the focus of federal court review is the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves).

### III. Analysis

#### A.

Shelton contends that he was denied his constitutional rights to due process and a fair and impartial jury when juror A. Davis failed to reveal during voir dire that she had predetermined Shelton's guilt and was biased against Shelton. Shelton specifically alleges that Davis was aware of the drug charges against Shelton before she went to court because of media coverage and the fact that Davis was a school teacher of Shelton's son, Chris. Shelton alleges that Chris had talked to other students in Davis's study hall class about the charges, and it was therefore likely that Davis overheard at least part of these conversations. Shelton also asserts that Davis frequently sent Chris to in-school-suspension for minor infractions, proving that she disliked

4

Chris and thus necessarily illustrating bias toward Shelton. In addition, Shelton suggests that, because Davis is a teacher, she has a strong dislike for drugs and drug dealers and was predisposed to finding Shelton guilty. Shelton also alleges that Davis was familiar with the prosecutor because the prosecutor had previously given a talk at Davis's school concerning oxycontin abuse. Finally, Shelton contends that Davis's bias was revealed when Davis was overheard to say, prior to serving on the jury, that she would be absent the next day because she had to "go convict some guy from Raven for dealing drugs." Shelton claims that he became aware of these issues at some point after the verdict was returned and, had Davis been forthcoming with this information, her voir dire answers would have provided a valid basis for a challenge for cause.

The Supreme Court has explained that a juror's bias may be established by showing (1) that the juror "failed to answer honestly a material question on *voir dire*"; and (2) that "a correct response [to that question] would have provided a valid basis for a challenge for cause." McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 556 (1984). Additionally, a litigant must show that the fairness of his trial was affected either by the juror's "motives for concealing [the] information" or the "reasons that affect [the] juror's impartiality." Id.; see also Murphy v. Florida, 421 U.S. 794, 800 (1975) (holding that, in determining whether a defendant has been accorded his right to a fair and impartial jury, a distinction is to be made between mere familiarity with the defendant or his past and an actual predisposition against him, just as a distinction is made between largely factual publicity from that which is invidious or inflammatory); Bell v. True, 413 F. Supp. 2d 657, 713 (W.D. Va. 2006) (holding that Petitioner was not entitled to relief, even though two of the jurors impaneled at Petitioner's trial had

5

relationships with the victim's family, when Petitioner's claim was based on an affidavit by another juror claiming that he overheard a conversation between two "older lad[y]" jurors, whose names he could not recall, discussing their relationship with the victim and his family, and about "knowing the family of the victim . . . by their names . . . [and] going to church . . . and . . . on picnics with [the victim]'s family").

The Supreme Court of Virginia's rejection of Shelton's § 2254 claim was based on its determination that Shelton's claims were speculative and that he had not proffered any evidence to establish a factual basis for any of his allegations concerning Davis. Furthermore, the court held that, even if it were to accept Shelton's allegations as true, the "facts" do not support Shelton's conclusions that Davis was biased, had prior knowledge of the case, had stated that she was going to court to "convict" someone, or was untruthful during voir dire.[1] Although the state court decision "did not quote--or even cite--a federal case, this does not mean that it is contrary to . . . clearly established Federal law." See Mitchell v. Esparza, 540 U.S. 12, 17 (2003). In fact, the Supreme Court has held, with regard to the "contrary to" inquiry under § 2254(d)(1), that "a state court need not even be aware of [its] precedents, 'so long as neither the reasoning nor the result contradicts them.'" Id. (quoting Early v. Packer, 537 U.S. 3, 7 (2002)).

Turning to the merits of Shelton's juror bias claim, this court concludes that Shelton's allegations do not illustrate a deprivation of his Sixth Amendment right to trial by an impartial

---

[1] Shelton asserts that the Supreme Court of Virginia placed a non-existent evidentiary burden on him and that his mere allegations, rather than "facts," are sufficient for writ of habeas corpus. Simply because the state court noted Shelton's failure to proffer the factual basis for his allegations is not an undue burden. Legal conclusions and inferential leaps are not equivalent to the "facts" required by Va. Sup. Ct. R. 1:4(d). Regardless, the court found that, even if it were to accept Shelton's allegations as true, his "facts" do not support the conclusion that Davis was biased. Therefore, Shelton's argument has no merit.

jury. Shelton fails to establish all the requirements of the McDonough test. Shelton offers no evidence that Davis failed to honestly answer the voir dire questions. He also fails to show any likelihood that any of the information Shelton now alleges about Davis would have provided a valid basis for a challenge for cause. Shelton makes an unwarranted deductive leap when he asserts that Davis knew him simply because his son was in one of her study hall classes. Equally as far-fetched are his presumptions that Davis was biased because she was a teacher and therefore predisposed to dislike drug dealers, because there is a possibility that she might have overheard conversations pertaining to the pending charges, and because the prosecutor had once visited her school. Shelton also offers no facts[2] to support the allegation that Davis stated that she was going to "convict" a drug dealer. Finally, Shelton fails to establish that the fairness of his trial was affected. In these circumstances, there is simply no evidence that Davis had an improper motive, much less evidence raising questions as to her impartiality. For these reasons, this court cannot find that the Supreme Court of Virginia's decision was "contrary to" federal law.

The court next considers whether the state court applied the governing legal rule unreasonably to the facts of Shelton's case. After thoroughly reviewing the record, the court holds that it did not. The court also holds that the state court's adjudication was not based on an unreasonable determination of the facts in light of the evidence presented. It was not unreasonable for the state court to conclude that Shelton's allegations were speculative and, even

---

[2] Shelton suggests that Amanda Johnson, a student in one of Davis's other classes, and "possibly others" overheard this comment but he fails to indicate how or when he learned this information. Thus, this court determines that Shelton has failed to make a sufficient showing that he could develop these facts even if given an evidentiary hearing.

7

if accepted as true, were not sufficient support for the conclusion that Davis was biased. Even if the state court's conclusions were unreasonable in either regard, Shelton still fails to show that his inability to strike Davis as a juror had a "substantial and injurious effect or influence" on the jury's ultimate decision. See Wilson v. Ozmint, 357 F.3d 461, 469 (4th Cir. 2004) (citing Brecht v. Abrahamson, 507 U.S. 619 (1993)). Therefore, the court finds that Shelton is not entitled to § 2254 relief on the ground that Davis was biased.[3]

**B.**

Shelton next contends that he was denied effective assistance of counsel because counsel failed to advise him that the jury was required by law to impose a minimum sentence of twenty (20) years if it found him guilty of all charges. Shelton claims that if counsel had properly advised him, he would have pleaded guilty and been sentenced by a judge. Shelton asserts that, because judges of this certain jurisdiction were known for sentencing within the guidelines, there was a reasonable probability of a sentence less than that which Shelton received.

The Supreme Court, in Strickland v. Washington, 466 U.S. 668, 687 (1984), set forth a two-prong test to determine ineffective assistance of counsel claims. First, Petitioner must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, Petitioner must show "that the deficient performance prejudiced the defense" to the extent that he was deprived of a fair trial. Id. The prejudice prong

---

[3] To the extent that Shelton argues an implied bias claim, the court notes that the doctrine of implied bias is limited in application to those extreme situations where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances. This case does not present one of those extreme situations. See Person v. Miller, 854 F.2d 656, 664 (4th Cir. 1988) (citing Smith v. Phillips, 455 U.S. 209, 221-24 (1982) (O'Connor, J., concurring)).

requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The "benchmark for judging a claim of ineffective assistance of counsel is 'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" Jeffers v. Leeke, 835 F.2d 522, 524-525 (4th Cir. 1987) (quoting Strickland, 466 U.S. at 687).

The Supreme Court of Virginia's rejection of Shelton's ineffective assistance claim was based on its determination that he satisfied neither prong of the test set forth in Strickland. The state court concluded that the record, including trial transcripts and the affidavit of trial counsel, demonstrated that Shelton was informed of the range of punishment that he faced and he represented to the court that he had voluntarily chosen to enter a plea of not guilty against the advice of his counsel. The court also noted that Shelton offered no evidence to support his speculation that judges in Tazewell County are more likely to sentence within the guidelines. Therefore, the court determined that Shelton failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

It is equally as clear to this court that the Supreme Court of Virginia's decision concerning Shelton's second claim is not "contrary to" federal law. Nor can this court find that the adjudication involved an unreasonable application of clearly established Federal law, or that it was based on an unreasonable determination of facts. Therefore, the court finds that Shelton is not entitled to § 2254 relief on the ground that he was denied effective assistance of counsel.

9

## C.

In seeking habeas corpus relief, Shelton requests that this court grant a new trial or, in the alternative, conduct an evidentiary hearing. Shelton is entitled to evidentiary hearing only "if the facts alleged would entitle him to relief," and if he satisfies one of the six factors set forth in Townsend v. Sain, 372 U.S. 293, 313 (1963). Conaway v. Polk, 453 F.3d 567, 581-582 (4th Cir. 2006); Conner v. Polk, 407 F.3d 198, 208 (4th Cir. 2005); Fisher v. Lee, 215 F.3d 438, 454 (4th Cir. 2000). This court need not address any issue related to the Townsend factors, however, because Shelton has not alleged facts that, if true, would entitle him to habeas corpus relief. More specifically, Shelton fails to allege sufficient facts to entitle him to relief on the grounds that Davis was biased or that he was denied effective assistance of counsel. Shelton's conclusory and speculative allegations fail to sustain this burden. See Walton v. Johnson, 440 F.3d 160, 178 (4th Cir. 2006); United States v. Roane, 378 F.3d 382, 400-01 (4th Cir. 2004) (concluding that speculative allegations in a habeas petition do not warrant granting the petitioner an evidentiary hearing to further pursue his claim). Therefore, Shelton's requests for an evidentiary hearing and a new trial are denied.

## IV. Conclusion

Accordingly, the court cannot find that the Supreme Court of Virginia's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, nor that the decision was based on an unreasonable determination of facts. Shelton is not entitled to an evidentiary hearing, and is therefore not entitled to a new trial. The government's motion to dismiss will be granted and an appropriate Order issued this day.

ENTER: This 9th day of February, 2007.

/s/ James C. Turk

Hon. James C. Turk,
Senior United States District Judge

11